IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **REGINA NACHAEL HOWELL FOSTER,** | § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | Civil Action No. 4:23-cv-800-P |
| v. | | |
| **MACKIE WOLF ZIENTZ & MANN, P.C.,** | | |
| Defendant. | | |

**DEFENDANT'S BRIEF IN SUPPORT OF
RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO REMAND**

Defendant Mackie Wolf Zientz & Mann, P.C. ("MWZM" or "Defendant") files this its *Brief in Support of its Response to the Motion to Remand* filed by Plaintiff Regina Nachael Howell Foster ("Plaintiff") and respectfully show as follows:

**INTRODUCTION**

1.  On or about July 24, 2023, Regina Nachael Howell Foster ("Plaintiff") filed *Plaintiff's Third Amended Verified Petition* (the "Petition") bearing Cause No. 048-317495-20 in the 48th Judicial District Court, Tarrant County, Texas, styled *Regina Nachael Howell Foster v. Mackie Wolf Zientz & Mann, P.C.* (the "State Court Action").

2.  The allegations in the Petition relate to a deed of trust and foreclosure proceedings on real property and improvements located at 3325 Stoneway Drive, Grand Prairie, Texas 75052, (the "Property"). (*See generally, Petition*.) In the Petition, Plaintiff alleges that the prior Deed of Trust on the property is void, that Defendant wrongfully foreclosed on the Property and that Defendant filed a "misleading and deceptive" Foreclosure Sale Deed of the Property in the public records of Tarrant County, Texas knowing that it was invalid. (*See* Petition at ¶¶ 1-29.) Plaintiff's

claims include denial of due process and equal protection under the fourteenth amendment to the United States Constitution; violation of homestead rights under the Texas Constitution; breach of duty of absolute impartiality and fairness; intentional infliction of emotional distress; violations of the Texas Fair Debt Collection Practices Act ("TDCA") §392.202; and violations of the Texas Civil Practice and Remedies Code. (*See* Petition at ¶¶ 31-36.)

3. On August 1. 2023, Defendant filed its Notice of Removal to this Court based upon federal question jurisdiction. *See ECF No. 1.*

4. On September 13, 2023, Plaintiff filed her Motion to Remand (the "Motion"), contending that no federal claim was raised in her Original Petition. *See ECF No. 9.*

## ARGUMENT AND AUTHORITIES

5. Federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, federal jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

6. Plaintiff alleges that she did not assert a federal claim in her Original Petition. (*See* ECF No. 9, p. 6.)  Plaintiff in her Motion acknowledges that her Petition mentions the 14th Amendment to the U.S. Constitution but argues that all of her claims arise under state law. *Id.* Plaintiff alleges that she merely mentioned the 14th Amendment of the U.S. Constitution but did not state a federal claim pursuant to the 14th Amendment. *Id.*

7. This argument, of course, is senseless. First Plaintiff begins her argument containing her federal claim with the heading "DENIAL OF DUE PROCESS & EQUAL

PROTECTION UNDER THE 14TH AMENDMENT TO THE US CONSTITUTION". (*See* Petition at p. 13.) Plaintiff clearly intended to state a federal claim under the U.S. Constitution and does not merely "mention" the 14th Amendment as argued in her motion to remand. (*See* Petition at ¶ 32.)

8.  Second, Plaintiff specifically argues in her Petition that "Mackie Wolf filed the deceptive and misleading Foreclosure Sale Deed that was designed and intended to deprive Plaintiff of her constitutionally protected homestead property rights, in violation of her rights to Due Process and Equal Protection of the laws of the State of Texas, as guaranteed by the 14th Amendment of the United States Constitution." (*See* Petition at ¶ 32.). Plaintiff also makes reference to alleged violations of her 14th Amendment rights under the U.S. Constitution in the Prayer of her Petition. (*See* Petition at p. 25.) This is a clear invocation of federal law and a clear allegation that Plaintiff believes Defendant has violated her rights pursuant to the 14th Amendment to the United States Constitution. (*See id*.).

9.  Third, Plaintiff argues in her Motion that although her Petition mentions the 14th Amendment to the United States Constitution, she intended the claims to only arise under the Texas Civil Practice and Remedies Code, the Texas Property Code, and the TDCA. (*See* ECF No. 9, p. 6.) This directly contradicts Plaintiff's Petition as she specifically makes separate claims under the Texas Civil Practice and Remedies Code, the Texas Property Code, and the TDCA, independent from her claim for violations of the 14th Amendment of the United States Constitution. (*See* Petition at ¶¶ 34, 36, p. 21-24.)

10. Finally, in order for Plaintiff to seek relief for a due process claim, that claim must be under the 14th Amendment to the U.S. Constitution through 42 U.S.C. §1983. Although Plaintiff argues that all of her claims arise under state law, there is no cause of action for due process

violations under Texas common law. *See Bass v. D.M. Cogdell Mem'l Hosp.*, Civil Action No. 5:08-CV-179-C, 2008 U.S. Dist. LEXIS 140144, at *3 (N.D. Tex. Dec. 30, 2008) ("Defendant argues that in order for Plaintiff to seek recovery for a due process claim under a federal statute, Plaintiff must be asserting a due process claim under 42 U.S.C. § 1983. The Court agrees."); *See also City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995) ("Historically Texas common law has not provided a cause of action for damages for the violation of constitutional rights.") Plaintiff, by invoking her rights under the 14th Amendment of the United States Constitution, is necessarily requiring this Court to enforce federal law over and above any contravening authority from the State of Texas. Plaintiff's argument that she did not assert a federal claim and merely mentioned the 14th Amendment of the U.S. Constitution is misleading and incorrect.

11. Because it is clear that Plaintiff has stated a claim under federal law, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367. As such, Plaintiff's Motion for Remand should be denied.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that this Court deny Plaintiff's Motion to Remand and grant it all other relief to which it may be entitled.

Respectfully submitted,

By: */s/ Cheyenne D. Haley*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**CHEYENNE D. HALEY**
Texas Bar No. 24131883
chaley@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Pkwy., Ste. 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2023, a true and correct copy of the foregoing was delivered to the following counsel of record via ECF notification:

Regina Nachael Howell Foster
3325 Stoneway Drive
Grand Prairie, Texas 75052
(817) 217-3933
rnachael@gmail.com
*Pro Se Plaintiff*

*/s/ Cheyenne D. Haley*
**CHEYENNE D. HALEY**