IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINA NACHAEL HOWELL FOSTER, ET AL. | § § § § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-800-P |
| MACKIE WOLF ZIENTZ & MANN, PC | § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTION TO REMAND

Pending before the Court is *pro se* Plaintiff Regina Nachael Howell Foster's Motion for Remand [doc. 9], filed September 13, 2023. Having carefully consider the motion, response, reply, relevant pleadings, and applicable law, the Court recommends that the motion be **GRANTED**.

### I.    BACKGROUND

On June 18, 2020, Cause no. 048-317495-20 in the 48th Judicial District Court, Tarrant County, Texas was opened as a transferred or severed case from a prior case filed in 2017. (Defendant's Notice of Removal ("Def.'s Notice") at Exhibit ("Ex.") A). Plaintiff's claims against Defendant relate to a deed of trust and foreclosure proceedings on real property and improvements located at 3325 Stoneway Drive, Grand Prairie, Texas 75052. Thereafter, on July 24, 2023, Plaintiff filed a Third Amended Verified Petition ("Third Amended Petition"). (Def.'s Notice at Ex B-89.) In Plaintiff's Third Amended Petition, Plaintiff asserts that Defendant violated multiple provisions of Texas law, including provisions of the Texas Property Code, Texas Fair Debt Collection Practices Act, Texas Constitution, and Texas Civil Practice and Remedies Code. In the Third Amended Petition, Plaintiff also states:

1

DENIAL OF DUE PROCESS & EQUAL PROTECTION UNDER THE
14th AMENDMENT TO THE US CONSTITUTION

> 32. All facts and allegations set forth above are included herein. The 14th amendment requires that notice at a meaningful time in a meaningful way to constitute due process before property rights can be taken. The 14th amendment also requires that citizens be afforded the equal protection of state laws, such as the plain requisite notice of 51.002(d), which mandates notice of default, with opportunity to cure, to the debtor under the deed of trust before a substitute trustee is authorized to conduct a foreclosure sale of a constitutionally protected homestead. Mackie Wolf knowingly filed a Foreclosure Sale Deed to intentionally mislead the public and third parties into believing that sending notice of default to the persons obligated to pay the debt was compliance with the mandates of Tex. Prop. Code Sec. 51.002(d) . . . .
>
> Mackie Wolf knew that Plaintiff was a signatory to the deed of trust and was entitled to notice of default, with opportunity to cure, under the explicit mandates of Tex. Prop. Code 51.002(b), but failed and refused to ensure that Plaintiff had received notice of default, with opportunity to cure, before Mackie Wolf filed the deceptive and misleading Foreclosure Sale Deed that was designed and intended to deprive Plaintiff of her constitutionally protected homestead property rights, in violation of her rights to Due Process and Equal Protection of the laws of the State of Texas, as guaranteed by the 14th Amendment to the United States Constitution.

(Plaintiff's Third Amended Verified Petition at 13-14.)

Thereafter, on August 1, 2023, Defendant removed the above-styled and numbered cause to this Court [doc. 1]. As set forth above, Plaintiff subsequently filed her pending Motion to Remand on September 13, 2023. In her Motion to Remand, Plaintiff argues that this case should be remanded pursuant to 28 U.S.C. § 1447(c). (Plaintiff's Motion to Remand ("Pl.'s Mot.") at 2.) Specifically, Plaintiff states:

> Although the Plaintiff's complain[t] mentions the 14th Amendment, the complaint arises under pure state law claims for violations of the Texas Civil Practice and Remedies Code, the Texas Property Code, and the Texas Debt Collection Practices Acts as follows:
>
> > Mackie Wolf knew that Plaintiff was a signatory to the deed of trust and was entitled to notice of default, with opportunity to cure, under the explicit mandates of Tex. Prop. Code 51.002(d), but failed and refused to ensure that Plaintiff had received notice of

2

> default, with opportunity to cure, before Mackie Wolf filed the deceptive and misleading Foreclosure Sale Deed that was designed and intended to deprive Plaintiff of her constitutionally protected homestead property rights, in violation of her rights to Due Process and Equal Protection of the laws of the State of Texas, as guaranteed by the 14th Amendment to the United States Constitution.

(Plaintiff's Motion to Remand ("Pl.'s Mot.") at 6 (citing Plaintiff's Third Amended Petition at p. 14).) Defendant, in its Brief in Support of Response to Plaintiff's Opposed Motion to Remand, argues, *inter alia*, that Plaintiff's argument, that all of her claims arise under state law, is "senseless" because she titled her "federal claim with the heading 'DENIAL OF DUE PROCESS & EQUAL PROTECTION UNDER THE 14th AMENDMENT TO THE US CONSTITUTION'" and references the 14th Amendment, which "is a clear invocation of federal law." (Defendant's Brief in Support of Response to Plaintiff's Opposed Motion ("Def.'s Br.") at 2-3.

## II.   LEGAL ANALYSIS

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). As applicable to this case, to determine whether federal jurisdiction exists, the Court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Further, the party asserting federal jurisdiction, "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). If there is "any doubt about the propriety of removal[, it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). "[F]ederal jurisdiction over a

state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Pursuant to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Th[is] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. A federal question is present "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alteration in original).

After reviewing the Plaintiff's Third Amended Petition, the Court finds and concludes that, while inartfully pled, Plaintiff, who is proceeding *pro se*, was not attempting to assert a cause of action under the 14th Amendment of the United States Constitution in her Third Amended Petition. Consequently, the Court finds and concludes that federal-question jurisdiction does not exist and the case should be remanded.

## III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion to Remand [doc. 9] be **GRANTED**[1] and the above-styled and numbered cause be hereby **REMANDED** to the 48th Judicial District Court, Tarrant County, Texas, Cause No. 048-317495-20.

---

[1] The Court notes that a motion to remand a case to state court has been deemed by the Fifth Circuit Court of Appeals to be a dispositive matter. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("We therefore join the uniform view of the courts of appeals that have considered this question and hold that a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 23, 2023,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 9, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE