UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**REGINA NACHAEL HOWELL FOSTER,**

   Plaintiff,

v.                                    **No. 4:23-cv-00800-P**

**MACKIE WOLF ZIENTZ & MANN, P.C.,**

   Defendant.

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge in this case. ECF No. 18. Defendant timely objected to the Magistrate Judge's Recommendation and the Court conducted a de novo review. For the reasons below, Court **AFFIRMS** and **ADOPTS** the Magistrate Judge's Recommendation and **REMANDS** this case to the 48th Judicial District Court of Tarrant County, Texas.

This case arises from deed-of-trust and foreclosure proceedings regarding Plaintiff's property in Grand Prairie, Texas. ECF No. 18 at 1. Plaintiff initially sued Defendant, alleging violations of the Texas Property Code, Texas Fair Debt Collections Act, the Texas Constitution, and the Texas Civil Practices and Remedies Code. *Id.* Defendant removed the case to this Court based on a subsection of Plaintiff's initial petition which purports to allege a violation of her Fourteenth Amendment right to due process under the U.S. Constitution. *Id.* at 1–2. Plaintiff then filed a motion to remand this case to state court, contending that, while she may have *mentioned* the Fourteenth Amendment, the crux of her allegations arise *only* under Texas law. *Id.* at 2–3.

Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pled complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the master of his or her

complaint, a plaintiff may avoid federal court by exclusively relying on state law. *Id.* And a federal question is only present when a plaintiff's statement of his or her cause of action shows that it is based on federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Any doubt in the sufficiency of removal must be resolved in favor of remanding the action to state court. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Here, Plaintiff's allegation at issue is presented under the subheading "DENIAL OF DUE PROCESS & EQUAL PROTECTION UNDER THE 14TH AMENDMENT TO THE US CONSTITUTION." ECF No. 18 at 3. Within that subsection, Plaintiff alleges various violations of Texas state law *as guaranteed* by the Fourteenth Amendment. *Id.* at 2. Plaintiff raises various alleged violations of the *Texas Property Code* and concludes by claiming that Defendant's actions "[were] . . . intended to deprive Plaintiff of her constitutionally protected homestead rights, in violation of her rights to Due Process and Equal Protection *of the laws of the State of Texas, as guaranteed by* the 14th Amendment to the United States Constitution." *Id.* (emphasis added).

Defendant contends that this presentation of her allegations alone raises a federal question because Plaintiff is an attorney and should therefore be inferred to have deliberately invoked the Fourteenth Amendment. See ECF No. 19. The Court disagrees.

"A suit arises under the law that creates the cause of action." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8–9 (1983). And a state court complaint can be recharacterized as asserting a federal question only when the law governing an allegation is exclusively federal. *Vaden*, 556 U.S., at 49. As echoed by the Magistrate Judge, Plaintiff's complaint here asserts claims under Texas law and the Texas Constitution through the mechanism of the Fourteenth Amendment's preservation of due process and equal protection under the law. That does not change the core of Plaintiff's claims, which all arise under Texas state law. Because none of Plaintiff's allegations are exclusively governed by federal law, and no federal law creates any of her causes of action, the Court concludes that

2

this case must be remanded. *See U.S. Bank Nat'l Assoc. v. Jefferson*, 314 F.Supp.3d 768, 777 (S.D. Tex. May 21, 2018) (Lake, J.).

For the reasons stated in the Magistrate Judge's FCR, the Court **AFFIRMS** the Magistrate Judge's FCR, **ADOPTS** its reasoning, and **REMANDS** this case to the 48th Judicial District Court of Tarrant County, Texas.

Accordingly, the Court **OVERRULES** Defendant's objections (ECF No. 19), **AFFIRMS** the Magistrate Judge's FCR (ECF No. 18) and **GRANTS** Plaintiff's motion to remand this case (ECF No. 9).

**SO ORDERED** on this **28th day of November 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE